case of this morning. 4 10 0 0 1 6 people in the state of Illinois versus Ricky Mullins for the apology for the appellee, Ms. Gray, you may proceed. May it please the court, Ms. Gray. I do have a prepared oral argument in this case. However, the state did not request an oral argument here. Secondly, I thought I would rest on the briefs and be available to respond to any questions the court may have. Well, let me ask a question. Are you arguing that the clerk never sent a copy of the demand to the state's attorney? I'm arguing that there are two conflicting legal presumptions. One is that the docket entry is correct. The other is that an attorney is speaking truthfully, correctly when he makes a statement, and the fact that these cancel each other out. Well, that's not necessarily true. Wouldn't it be possible that the clerk did in fact send a copy to the state's attorney's office, and the lawyer, whether it's the state's attorney or an assistant state's attorney, never reached that person? It is possible, yes. Because of an office snafu amongst the support staff in the state's attorney's office? I mean, it is certainly possible that that happened. It also would be possible that it got lost in inter-office mail. There are a lot of possibilities, yes. But, you know, we've got a situation here where, I mean, Mr. Mullins has, basically you're arguing because of potentially an office snafu, he's disadvantaged at proceeding on the relief he wants to proceed on. Well, I would go back to the first point, which was discussed in the brief, that the defendant in this case was required, of course, to comply with 3-8-10. One of the requirements of 3-8-10 is that the speedy trial demand be addressed to the state's attorney. I would first of all suggest that the notice of filing did not indicate that the speedy trial demand was properly addressed to the state's attorney because of, it just said, state's attorney for Million County without any further address. So that the defendant here, I would suggest, did not comply with Section 3-8-10. So the alternative to that is actual notice, and I would suggest the defendant would have to, or should have to, establish actual notice in order for his speedy trial demand to be effective. Okay. When, I think the document said the clerk was to forward the demand to the state's attorney. What does that mean? Is it sent by mail? Is it just walked from one floor of the courthouse to another floor, or do we know? We don't. I mean, the record is unclear what that term would mean. I interpreted it without reference to the record that it meant sent in an inter-office mail because of the fact that they're both currently in the same building, but that's just my interpretation. That is not based upon the record. We have no further questions. Thank you. I would, if there are no initial questions, I would like to comment on Justice Appleton's question to the state. As far as the legal presumptions are concerned, there isn't any, apart from the legal presumptions of the docket entry being correct, and the state's attorney having told the truth, there isn't any evidence in this record that suggests that if the state's attorney did, in fact, have told the truth, then the state's attorney would not have had to file a suit against the state's attorney. In fact, not receive the demand that it's the fault of the defendant in this case. And so we are arguing that because there's no record, there's no evidence on the record that suggests the defendant's error caused the state not to receive the demand, that the trial court's ultimate decision to dismiss the charges in this case was proper. So the state doesn't have to receive actual notice of the speedy trial demand? Well, in this case, I believe that the record suggests that the defendant complied with Section 3-8-10, which is what he has to do. You know, as this court stated in People v. Millsap, the demand has to be clear and unambiguous. The notice of filing in this case is addressed to the Vermillion County State's Attorney's Office, the Circuit Clerk of Vermillion County, and also the Chief Administrative Officer of DOC. It's received by the Circuit Clerk, addressed in the same manner as it was to the state's attorney, on March 9, 2009. The court reviews it on March 12, 2009, and on March 13, the clerk notes that they sent the document to the state. And statute, under the statute 3-8-10, there is no requirement that the defendant prove that the state actually received the demand. The notice simply has to be addressed appropriately, and the demand has to sufficiently comply with Section 3-8-10. And that's our position in this case. Given prison mail forms, and defendants sometimes with multiple charges, though that wasn't the case here, do you think that the Interstate Detainer Act maybe ought to be amended? Well, you know, whether the legislature chooses to amend the Interstate Detainer Act, you know, that's not really for me to say. Sure it is. I just asked you. Well, I think that 3-8-10 reads as it reads currently. Well, I agree. I agree. And from my perspective, I think you may very well find yourself in the unusual position and appellate argument of being on the winning side for the appellate defender. I'm certainly leaning that direction. But I'm asking as a matter of public policy, because there are complications with prisoner litigation. I agree. And Justice Turner asks, you know, the purpose of notice is notice, not what might appear to be notice, which of course is the charade that we operate under with publication. We don't have that here. It's probably one lesser step of publication. Somebody put something in the mail which we hope arrives where it's supposed to arrive. Well, in this case, for instance, let's say the legislature amends the act to require a certificate of service. They have to sign for it. You know, in this particular case, if it's lost in interoffice mail, it still wouldn't have been good enough in this case, because just because a secretary or whomever signs for the document doesn't mean it can't just be thrown in the trash. Well, except in that instance received by the office of the state's attorney. At least you're in a stronger position. Does it make it to the desk of the right assistant state's attorney in the office who's handling felony cases? Well, I don't know that we can assure that. Well, and I think that, you know, it speaks to, as 3-8-10 is written, you know, he sufficiently complied, the notice sufficiently complied, and whether they later say that you have to have a certificate of service, you know, that's something that only the legislature can answer. I don't think we have any other questions. Do you have any other points? I do not. Other than that, we would just respectfully ask this court to please affirm the trial court's decision to dismiss, or affirming the trial court's decision to dismiss the charges in this case. Thank you. Thank you. Mr. Doherty? How about my question? Does the act need to be amended? I would contest the position that defendant complied with Section 3-8-10. Well, I understand that, but given, obviously in this case, we have the extra fact of the judge. We receive it, the clerk receiving it, the judge receiving it, the judge noting it, asking that it be forwarded. It is, or presumptively it is. So, forgetting about the structure or the context of this case, ought there be additional service requirements or notice requirements so that something like this doesn't happen? It would be my position, yes. The reason for that is the one that this court, of course, is very familiar with. A notice, a demand for speedy trial when sent by an inmate is kind of dynamite. If you don't get it and you don't react to it, then the charges are dismissed. They are dismissed regardless, of course, of the seriousness of the crime and regardless of the strength of the evidence. So, it is a very, very serious kind of, it's very, very important that the notice be received, actually received by the state's attorney. Otherwise, we get this situation. Thank you. I'll take the matter under advice.